# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER DRIGGERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. CIV-21-336-R |
| | ) |
| SCOTT CROW, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On May 17, 2021, Judge Erwin issued a Report and Recommendation wherein he recommended that the Petition be dismissed upon screening and that the Court abstain from consideration of Petitioner's claims at this time in light of his pending applications for post-conviction relief in the District Court of Caddo County. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation which gives rise to this Court's obligation to undertake a de novo review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this review, the Court finds as follows.

Petitioner's objection correctly notes an error in the Report and Recommendation, specifically a statement at page 2 thereof that Mr. Driggers did not seek to withdraw his guilty plea. As indicated by the docket sheet in CF-2013-160, District Court of Caddo

County, Petitioner did seek such relief, which was denied. That error, however, has no impact on whether the Court adopts the Report and Recommendation.

In the Petition, Mr. Driggers argues that, because he is Native American and his crime occurred on the Caddo Nation Reservation, the state court lacked jurisdiction over his criminal case. *See McGirt v. Oklahoma,* 140 S. Ct. 2452 (2020). Mr. Driggers noted that he filed an application for post-conviction relief which remains pending before the District Court of Caddo County. (Doc. No. 1, p. 6). Judge Erwin recommends that the Court abstain from consideration of the Petition and dismiss the action without prejudice to permit the District Court of Caddo County the opportunity to address his post-conviction application. Judge Erwin further notes that Petitioner may seek a writ of mandamus from the Oklahoma Court of Criminal Appeals.[1] Although Petitioner contends he has given the state court a fair opportunity to address his claim, his claim remains pending. Seeking relief in federal court before the state court has ruled deprives the District Court of Caddo County of the opportunity to address his claim. Although Petitioner argues against application of *Younger* abstention, his arguments are without merit.

Despite Petitioner's contention that the state court lacked jurisdiction over his state trial and conviction, Petitioner must nevertheless first address this issue via post-conviction application, which he is currently attempting to do. As noted in the Report and Recommendation, *Younger* abstention applies and Petitioner has not established that any

---

[1] In his objection Petitioner cites to Okla. Stat. tit. 22 § 1087 as allegedly imposing a time constraint on the District Court of Caddo County. That provision, however, imposes time limitations for appealing a district court order addressing an inmate's post-conviction application. Thus, this portion of Petitioner's objection is without merit.

of the exceptions thereto is applicable. For the reasons set forth in the Report and Recommendation, the Petition is hereby DISMISSED without PREJUDICE.

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case and therefore a COA shall not issue.

**IT IS SO ORDERED** this 9th day of June 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE